## COMMONWEALTH *vs.* MARY SULLIVAN.

An indictment or complaint, which states in words at length the day, month and year of the commission of the offence, is sufficient, without adding " of our Lord."

A complaint signed by the complainant's mark, and certified by the magistrate to whom it was addressed, as " taken and sworn to " on a certain day, is sufficiently certified, without an attesting witness to the mark.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor " on the thirty first day of May in the year one thousand eight hundred and fifty eight." The complaint was signed by the complainant's mark, without any attesting witness; and at the foot of it was the following certificate, signed by the justice to whom the complaint was addressed: " Norfolk ss. Taken and sworn to this thirty first day of May

in the year of our Lord one thousand eight hundred and fifty eight."

The defendant, after conviction in the court of common pleas in Norfolk at December term 1858, moved in arrest of judgment, because the complaint did not sufficiently state the time of the commission of the offence; and because it was not sufficiently signed, attested or certified. *Morris*, J. overruled the motion, and the defendant alleged exceptions.

*G. A. W. Chamberlain*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. The only questions in the present case arise upon the motion in arrest of judgment, for the insufficiency of the complaint. The first objection, as to the allegation of the time of the committing the offence, was considered and overruled by the court in the case of *Commonwealth* v. *Doran*, *ante*, 37.

The second objection as to the sufficiency of the complaint is, that a party signing his name to a complaint by making his mark, leaving the name itself to be written by another hand, must have his signature attested by a subscribing witness. This mode of having an attesting witness to a signature of a party by making his mark, to insure greater certainty of proof of the execution, if the same should be controverted, is a very usual and proper one. But it by no means follows that the signature is not valid without such attesting witness, although the proof may not so easily be made of the signature. And in reference to complaints to a justice of the peace, presented by the complainant personally, and accompanied by taking the usual oath to the complaint before such justice, that the same is true, there can be no such necessity. The party virtually acknowledges the complaint as duly signed by him. This must clearly obviate all necessity of further proof to the signature.

The further objection, that the certificate of the taking of the oath is informal and insufficient, it being merely a certificate "that the complaint was taken and sworn," is not well taken. In *Commonwealth* v. *Keefe*, 7 Gray, 332, it was held, that the jurat was sufficient, where it was certified " Received and sworn to.'

*Exceptions overruled*